J. T. Fargason & Son, Inc., *v.* Coahoma County.

(Division A. Dec. 2, 1929. Suggestion of Error Overruled March 10, 1930.)

[124 So. 758. No. 28146.]

Jas. R. McDowell, of Memphis, Tenn., for appellant.

Roberson & Cook, of Clarksdale, for appellee.

Argued orally by **J. R. McDowell**, for appellant, and by **Lake Roberson**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant is the lessee of sixteenth section land, and was sued by the appellee for the cutting of timber thereon for commercial purposes. The case was tried on bill, answer, and proof, and a decree was rendered charging the appellant with the value of the timber as it stood on the land prior to being cut. The appellant brought the case to this court, and the appellee cross-appeals. The appellant admits having cut timber suitable for commercial purposes from the land, and to have sold it, but claims that he intended to clear the land and put it into cultivation and that the cutting of this timber was preparatory thereto. When the lessee of sixteenth section land

cuts timber therefrom and sells it for commercial purposes, whether or not the cutting of the timber was in good faith and preparatory to putting the land into cultivation is a question of fact for the trial court and the evidence here in support of the appellant's claim of good faith is weaker than that relied on by the lessee in the case of Jefferson Davis County v. James Simrall Lumber Co., 94 Miss. 530, 49 So. 611; consequently the decree of the court below on direct appeal must be affirmed.

The cross-appeal complains of the measure of damages adopted by the court below. The appellant, after cutting the timber, hauled it to a sawmill, at which place the timber was worth more than it was when standing on the land. Appellee's claim in this connection is (1) that the court below, in adjudging the appellant liable for the timber, necessarily found that it cut the timber willfully for an unauthorized purpose, and therefore the appellee is entitled to any value added thereto by the appellant in dealing therewith; and (2) that it is entitled to the penalty prescribed by sections 4976 et seq., Code 1906 (sections 3440 et seq., Hemingway's Code 1927), for the cutting of timber by a person on land other than his own without the consent of the owner.

The lease under which the appellant holds the land was executed on March 1, 1847, for ninety-nine years; he is entitled thereunder to the sole possession of the land and to a qualified right in the timber growing thereon, having a right to cut it for certain purposes, the line of demarcation between which purpose and a purpose unauthorized being sometimes a close and delicate question for decision. While the question is not without difficulty, we are of the opinion that the liability of such a lessee for the cutting of timber growing on the leased premises is that only which arises under the general law of waste, and that the measure of damages adopted by the court below was correct.

Affirmed.